# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**February 2, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**ALBERT LACY,**
**Claimant below, Petitioner**

**vs.)** **No. 22-ICA-259** (JCN: 2021017263)

**CHARLESTON-KANAWHA HOUSING AUTHORITY,**
**Employer below, Respondent**

## MEMORANDUM DECISION

Petitioner Albert Lacy appeals the October 24, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent Charleston-Kanawha Housing Authority filed a timely response.[1] Petitioner did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's decision denying Mr. Lacy's application to reopen the claim for permanent partial disability ("PPD") benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 12, 2021, Mr. Lacy, a maintenance technician for the employer, sustained a work-related injury when he slipped on ice and fell while retrieving a ladder from his vehicle. He sustained injuries to his left shoulder, head, wrist, knee, leg, ankle, and foot. Several days later, Mr. Lacy presented to the emergency room with complaints of pain and weakness. A CT scan of the head and cervical spine were negative for acute abnormalities. X-rays of the left wrist showed mild to moderate degenerative changes, and X-rays of the left shoulder showed acromioclavicular degeneration, mild degeneration of the superior lateral humeral head, and a probable rotator cuff tear. On February 25, 2021, Clark Adkins, M.D., examined Mr. Lacy and diagnosed left wrist contusion/hematoma and left shoulder contusion/hematoma. Dr. Adkins did not believe surgery was necessary and recommended physical therapy. By order dated March 4, 2021, the claim administrator held the claim compensable for contusion of the left shoulder, left knee, and left wrist. It does not appear from the record that Mr. Lacy ever contested this order.

---

[1] Petitioner is self-represented. Respondent is represented by Charity K. Lawrence, Esq.

1

On April 1, 2021, Mr. Lacy returned to see Dr. Adkins and complained of difficulty ambulating, as well as pain in his left wrist, left shoulder, left hip, and left knee. X-rays of the wrist showed severe pantrapezial arthritis and a degenerative cyst. X-rays of the pelvis and left hip showed mild arthritis. Dr. Adkins diagnosed left wrist contusion/hematoma, left wrist primary osteoarthritis, left shoulder impingement syndrome, right knee primary osteoarthritis, and left knee primary osteoarthritis. Dr. Adkins opined that Mr. Lacy would eventually require a knee replacement but stated that surgery was not needed for Mr. Lacy's left hand or hip. He recommended continued physical therapy.

Mr. Lacy underwent an MRI of the spine on April 4, 2021. The cervical MRI showed degenerative changes and no evidence of acute process. The lumbar MRI revealed advanced lumbar spondylosis with multiple levels of moderate to severe stenosis. The thoracic MRI revealed degenerative joint disease. On April 5, 2021, Mr. Lacy was seen by John Orphanos, M.D. Dr. Orphanos noted that the lumbar MRI revealed evidence of multilevel moderate to severe stenosis, which was thought to be chronic. Dr. Orphanos was unsure if the stenosis was responsible for Mr. Lacy's acute symptoms and recommended conservative care, including physical therapy. The EMG testing was performed later in April of 2021, and revealed sensory-motor axonal polyneuropathy, chronic neurogenic denervation suggestive of cervical polyradiculopathy, and chronic neurogenic denervation suggestive of lumbar polyradiculopathy.

On July 16, 2021, Mr. Lacy underwent an independent medical evaluation ("IME") performed by Syam Stoll, M.D. Dr. Stoll reviewed Dr. Adkins' notes, as well as the left shoulder MRI, and opined that Mr. Lacy had extensive preexisting joint disease and a tear of the supraspinatus muscle with atrophy. According to Dr. Stoll, these were chronic conditions and not due to an acute injury. In Dr. Stoll's opinion, the medical documentation did not support a discrete new injury beyond the accepted condition of a contusion, and Mr. Lacy's subjective complaints were not supported by the objective medical evidence. Dr. Stoll noted that Mr. Lacy had an "extensive history of prior injuries as well as tricompartmental osteoarthritis of bilateral knees, severe arthritis of the left wrist, and pre-existing cervical and lumbar spondylosis which are in natural progression of the normal aging process." Dr. Stoll further opined that Mr. Lacy's chronic lumbar back pain predated the work injury.

Dr. Stoll submitted an addendum to his IME report in August of 2021, opining that Mr. Lacy had reached maximum medical improvement for the compensable conditions in the claim. Dr. Stoll believed that Mr. Lacy had undergone excessive workups and treatments for the compensable injuries and needed no further treatment. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("the *Guides*"), Dr. Stoll recommended a total 6% whole person impairment rating for Mr. Lacy's contusions to the left shoulder, left wrist, and left knee. By order dated September 16, 2021, the claim administrator granted Mr. Lacy a 6% PPD award.

On December 10, 2021, Mr. Lacy completed a Claim Re-Opening Application for PPD. The physician section was not completed but stated that "Dr. Dave will provide notes on January 18, 2021." The form was not signed by any physician. Subsequently, on January 3, 2022, Dr. Adkins completed a Claim Re-Opening Application for PPD, stating that Mr. Lacy had an increase in pain, difficulty walking, and was using an assistive device. He listed the diagnoses of osteoarthritis of the right knee, left knee, and left wrist.

On January 19, 2022, the claim administrator referred Mr. Lacy for another IME to determine whether he would be entitled to additional benefits. On February 16, 2022, Mr. Lacy underwent an IME performed by Dr. Stoll. Dr. Stoll's impairment rating for Mr. Lacy remained unchanged since the prior IME, and he recommended no additional impairment. The claim administrator issued an order on April 21, 2022, stating that it would not be reopening Mr. Lacy's PPD claim because his request failed to disclose a progression or aggravation in the allowed condition, or some fact not previously considered which would entitle him to greater benefits than he had already received.

By order dated October 24, 2022, the Board affirmed the claim administrator's order denying Mr. Lacy's application to reopen his claim for additional PPD benefits. The Board considered the application to reopen signed by Dr. Adkins, noting that Dr. Adkins indicated that Mr. Lacy had experienced an aggravation and/or progression of osteoarthritis in his knees and left wrist. However, osteoarthritis of the knees and left wrist are not compensable conditions, and the Board found that there was no medical evidence of record to support a finding that Mr. Lacy experienced an aggravation or progression of a compensable condition in the claim. The Board also considered Dr. Stoll's most recent report, in which he opined that Mr. Lacy had no additional permanent impairment beyond the 6% previously recommended. Accordingly, the Board found that Mr. Lacy failed to show that he sustained an aggravation or progression of a compensable condition and, therefore, affirmed the claim administrator's order denying the application to reopen. Mr. Lacy now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;

3

(4) Affected by other error of law;

(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, No. 22-ICA-10, __W. Va.__, __, __S.E.2d __, __ 2022 WL 17546598, at *4 (Ct. App. 2022).

At the outset we note that Mr. Lacy's arguments on appeal are either undecipherable or outside the scope of the Board's October 24, 2022, order on appeal. That order solely decided the issue of whether the claim administrator erred in denying Mr. Lacy's application to reopen the claim for additional PPD benefits and, as such, consideration of his arguments in this appeal are limited to that issue alone.

Upon review, we find no error in the Board's order affirming the claim administrator's order denying Mr. Lacy's application to reopen the claim for PPD benefits. The Supreme Court of Appeals of West Virginia has previously noted that "[u]nder *Harper v. State Workmen's Compensation Commissioner*, 160 W. Va. 364, 234 S.E.2d 779 (1977), to reopen a claim, a claimant must show any evidence which would tend to justify, but not compel the inference that there has been a progression or aggravation of their former injury." *Cook v. City of Clarksburg*, No. 12-0050, 2014 WL 4977104, at *1 (W. Va. Oct. 3, 2014) (memorandum decision).

Here, Mr. Lacy has failed to demonstrate any evidence that there has been a progression or aggravation of his compensable injury. The only compensable conditions in this claim are contusions of the left shoulder, left knee, and left wrist. However, in completing the application to reopen, Dr. Adkins listed the diagnoses of osteoarthritis of the right knee, left knee, and left wrist as the reasons for Mr. Lacy's increase in pain and difficulty walking. It does not appear from the record that Mr. Lacy ever protested the order holding contusions of the left shoulder, left knee, and left wrist to be compensable conditions, nor did he seek to have any additional conditions, such as osteoarthritis, added to the claim. As such, Mr. Lacy's osteoarthritis of the right knee, left knee, and left wrist are not compensable in this claim. Nevertheless, the claim administrator referred Mr. Lacy's application to reopen the claim for additional PPD benefits back to Dr. Stoll in January of 2022, for the purpose of evaluation, and Dr. Stoll opined that Mr. Lacy had suffered no aggravation or progression of a compensable condition in the claim and suffered no additional permanent impairment. Given the foregoing, we find that the Board did not err in affirming the claim administrator's decision to deny Mr. Lacy's application to reopen the claim for additional PPD benefits. Mr. Lacy is entitled to no relief in this regard.

Accordingly, we affirm.

4

Affirmed.

**ISSUED:** February 2, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen